**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50039 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00180-DOC-1 |
| v. | |
| MOSES ONCIU, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted January 5, 2015**
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and OWENS, Circuit Judges.

Moses Onciu appeals his convictions for conspiracy to commit wire fraud,

substantive wire fraud, and aiding and abetting in connection with fraudulent

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

high-yield investment schemes.  Having jurisdiction under 28 U.S.C. § 1291, we reject his arguments and affirm.

Onciu challenges the sufficiency of the evidence introduced at trial to support his convictions.  He contends the district court should have granted his motion under Fed. R. Crim. P. 29.  We review claims of insufficient evidence de novo.  *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004).  We review a denial of a motion for a judgment of acquittal under the same standard as a challenge to the sufficiency of the evidence.  *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir. 1998).  Thus, we consider whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (citation omitted).  Reviewing the evidence presented at trial, we hold that the evidence is sufficient to sustain Onciu's convictions.

Onciu contends there was a prejudicial variance from the indictment because the indictment alleged a single conspiracy and the evidence at trial suggested at least two unrelated conspiracies.  Onciu's claim is without merit.  While the government introduced evidence of multiple investment schemes, all of the investment schemes were part of the same conspiracy.  *See United States v.*

*Bibbero*, 749 F.2d 581, 586-87 (9th Cir. 1984) ("A single conspiracy may involve several subagreements or subgroups of conspirators.").

Onciu appeals the district court's failure to give a multiple-conspiracies jury instruction. Because Onciu was tried alone, he was not entitled to a multiple-conspiracies instruction. *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011). In addition, because the evidence at trial did not show separate, unrelated conspiracies, we affirm the district court's refusal to give the multiple-conspiracies instruction. *See United States v. Mincoff*, 574 F.3d 1186, 1196 (9th Cir. 2009).

Onciu also requests that, if this court remands his case, it order the district court to develop the record for a possible ineffective assistance of counsel claim. We do not entertain Onciu's request as this circuit does not remand ineffective assistance of counsel claims on direct appeal. *See United States v. Johnson*, 820 F.2d 1065, 1074 (9th Cir. 1987).

AFFIRMED.

14-50039